UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JONATHAN T. DEAL, ) | |
| ) | |
|     *Plaintiff,* ) | |
| *v.* ) | No.1:03-cv-385 |
| ) | *Edgar* |
| POLK COUNTY, TENNESSEE, ) | |
| SHERIFF BILL DAVIS, POLK COUNTY ) | |
| SHERIFF, DETECTIVE JAMES T. ) | |
| BURRIS, POLK DEPUTY SHERIFF, ) | |
| CARL BROWNE, POLK COUNTY ) | |
| DEPUTY, BOB COPELAND, JAIL ) | |
| ADMINISTRATOR, CHRIS LANE, ) | |
| POLK COUNTY JAIL INMATE, ) | |
| JERRY QUARLES, POLK COUNTY ) | |
| JAIL INMATE, FREDDIE STRATTON, ) | |
| POLK COUNTY JAIL INMATE ) | |
| ) | |
|     *Defendants.* ) | |

## **MEMORANDUM**

On November 7, 2003 Plaintiff Jonathan T. Deal filed a complaint in this Court against the Defendants claiming civil rights violations under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1985. [Court Doc. No. 1]. The record indicates that a process server personally served a copy of a summons and the complaint on Defendant Chris Lane at the Polk County Jail on November 10, 2003. [Court Doc. No. 3]. The record further reveals that Plaintiff's attorney sent a summons and a copy of the complaint to Defendant Freddie Stratton via certified mail. [Court Doc. No. 7]. Defendants Lane and Stratton failed to answer Plaintiff's complaint or respond to the summons and complaint in any other way.

Plaintiff filed a request for entry of default in this Court on February 20, 2007 regarding

Defendants Lane and Stratton pursuant to Fed. R. Civ. P. 55(a). [Court Doc. No. 39]. On March 6, 2007, a Deputy Clerk of the Court signed Plaintiff's proposed Entry of Default. [Court Doc. No. 70]. On March 8, 2007 Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(1). [Court Doc. No. 71]. On March 9, 2007 Plaintiff filed a proposed default judgment. [Court Doc. No. 74]. On March 22, 2007 a Deputy Clerk of the Court signed Plaintiff's proposed default judgment. [Court Doc. No. 77]. The default judgment indicates that Defendants Lane and Stratton are indebted to Plaintiff in the amount of $15,000,000 plus interest pursuant to Fed. R. Civ. P. 55(a). *Id.* For the reasons that follow, this Court will **SET ASIDE** the entry of default in part and will **SET ASIDE** the default judgment in its entirety.

I.  Analysis

   A.  **Entry of Default**

Federal Rule of Civil Procedure 55(a) allows for an entry of default under certain circumstances. The rule states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). It appears from the record that Defendant Lane received personal service from a process server in accordance with Fed. R. Civ. P. 4(e)(2). Compliance with the Federal Rules of Civil Procedure satisfies Plaintiff's obligations pertaining to service of process in this federal question case, despite the presence of a Tennessee statute relating to service of process on prison inmates. *See Henderson v. United States*, 517 U.S. 654, 656, 116 S.Ct. 1638, 1640, 134 L.Ed.2d 880 (1996) (holding that "in actions arising under federal law, commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally

nonjurisdictional matters of 'procedure' controlled by the Federal Rules"). Therefore, the Court will not set aside the entry of default with respect to this Defendant.

However, the record reveals that Plaintiff's attorney attempted to serve Defendant Stratton with a summons and a copy of the complaint by certified mail. Federal Rule of Civil Procedure 4(e)(1) provides that service within any judicial district of the United States may be made "pursuant to the law of the state in which the district court is located . . ." Fed. R. Civ. P. 4(e)(1). Tennessee State Court Rules of Civil Procedure provide for service of the summons and complaint by certified mail. Tenn. R. Civ. P. 4.04(10). However, the rules provide that "[s]ervice by mail shall not be the basis for the entry of default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." *Id.* Plaintiff's certified mail receipt on Mr. Stratton indicates that an individual named B. Jackson signed as receiving the summons and complaint. Plaintiff failed to serve the summons and complaint on Mr. Stratton personally.

A Tennessee statute also governs service of process on prison inmates. *See* Tenn. Code Ann. §§ 41-21-301 through 41-21-310. The statute provides that "[p]rocess in a civil action against an inmate in the penitentiary may be served by the proper officer, in the presence of the warden or the assistant warden, and returned as in other cases." *Id.* It further provides, "[i]f the inmate declines to answer the bill, petition, or interrogatories after they have been read over and explained by the officer executing them, in the presence of the warden or the assistant warden, the officer may make the return accordingly, whereupon the bill, petition or interrogatories, so far as the inmate is concerned, shall be taken for confessed as true, and proceedings had as usual in such cases." Tenn. Code Ann. § 41-21-303. The record does not demonstrate that Plaintiff

either served Mr. Stratton personally or complied with the requirements of Tenn. Code Ann. §§ 41-21-301 and 41-21-310.

Federal Rule of Civil Procedure 55(c) provides that this Court may set aside an entry of default for "good cause shown." Fed.R.Civ.P. 55(c). The Court finds that good cause exists in this case to set aside the entry of default as it relates to Mr. Stratton due to Plaintiff's failure to serve him in accordance with Tenn. R. Civ. P. 4.04(10) and Fed. R. Civ. P. 4(e)(1). Therefore, the Court will **SET ASIDE** the entry of default as it relates to Defendant Stratton pursuant to Fed.R.Civ.P. 55(c).

### B.     Default Judgment

Federal Rule of Civil Procedure 55(b)(1) states that "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Fed. R. Civ. P. 55(b)(1). As other courts in this Circuit have noted, "[s]um certain is defined as, 'Any amount that is fixed, settled, or exact.'" *Tindall v. One 1973 Ford Mustang*, 2006 WL 1329168 *4 (E.D. Mich. 2006) (quoting *Black's Law Dictionary*, 1449 (7th ed. 1999)). In *Tindall* the district court noted that because the plaintiff's damages were based in part on compensatory damages for potential lost profits, "the amount of damages claimed is not settled, determined, or capable of calculation from the pleadings." *Id.* The district court set aside the default judgment. *Id.*

In this action Plaintiff seeks $15,000,000 for alleged damages relating to physical and mental pain and injury, lost employment opportunities, and future medical expenses. These are

not sums certain within the meaning of Fed. R. Civ. P. 55(b)(1). Federal Rules of Civil Procedure 55(c) and 60(b) allow this Court to set aside a judgment for reasons such as mistake. Based on this Court's conclusion that the default judgment entered against Defendants Lane and Stratton was not for a sum certain and was entered in error, this Court will **SET ASIDE** the default judgment in its entirety.

**III.    Conclusion**

For the reasons stated *supra*, the Court will **SET ASIDE** the entry of default in part and will **SET ASIDE** the default judgment in its entirety.

A separate order will enter.


          */s/ R. Allan Edgar*
          R. ALLAN EDGAR
      UNITED STATES DISTRICT JUDGE